## R. P. RATTS

v.

## FANNY RATTS.

DIVORCE—CRUELTY.—The cruelty that will be sufficient to sustain a decree of divorce must be grave and endanger life or limb, or at least subject the person to danger of great bodily harm.

ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed September 6, 1882.

Mr. FRANCIS M. WRIGHT, for plaintiff in error; that evidence of words spoken by the husband to the wife, but not connected with acts of physical violence, is inadmissible, cited Vignos v. Vignos, 15 Ill. 186; Conway v. Conway, 60 Ill. 186; Farnham v. Farnham, 73 Ill. 497.

As to what constitutes extreme and repeated cruelty: Henderson v. Henderson, 88 Ill. 248.

Mr. S. F. WHITE and Mr. M. W. MATHEWS, for defendant in error.

DAVIS, P. J.   This was a proceeding in chancery, instituted by defendant in error against the plaintiff in error, to obtain a divorce on the ground of extreme and repeated cruelty.

The court below, on the finding of the jury, granted the divorce, and plaintiff seeks to reverse the decree, on the ground that the evidence does not sustain the finding of the jury or the decree of the court.

The only evidence given to sustain the charge of extreme and repeated cruelty was the uncorroborated testimony of the wife, who swore that her husband was cruel in whipping their children, and that on one occasion, and only one, when the child was six months old, he was whipping it because it would not go to sleep, and when she attempted to take the child from him, he threw her from the bed. At other times he would push her from him when she tried to keep the child, and would push her away from him when he was not in a good

humor. At one time he pushed her over a chair and hurt her side, and several times called her hard names and called her a whore, and talked to her aunt about her.

This was the case substantially as made by the wife. On the other hand, the husband swore he did not throw her from the bed; that he never pushed her over a chair, and never at any time hurt her or cruelly treated her in any manner. That he treated the child as any father would treat his child, and never struck it with heavy blows or so as to hurt it, but only spanked it slightly sometimes to make it mind or go to sleep.

Our statute authorizes the circuit courts to grant divorces when the offending party has been guilty of extreme and repeated cruelty. In Henderson v. Henderson, 88 Ill. 250, the court determined what constituted the offense, and held " that it must be bodily harm in contradistinction to mere harsh or even opprobrious language or mere mental suffering,—that the cruelty must be grave and endanger life or limb, or at any rate subject the person to danger of great bodily harm."

Viewing the testimony of the wife alone, and giving her the full benefit of it as though uncontradicted by that of her husband, and she utterly fails to sustain her charge.

The cruelty, if such it can be called, was far from grave, and in no degree endangered life or limb, nor did it subject the complainant to danger of great bodily harm. The decree of divorce can not be sustained.

Decree reversed.